**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Karen Sailer,<br>Plaintiff,<br>v.<br>State of Arizona, et al.,<br>Defendant. | No. CV-26-03595-PHX-DJH<br>**ORDER** |

On June 22, 2026, Defendant State of Arizona ("Defendant") filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. 12). On July 6, 2026, Plaintiff Karen Sailer ("Plaintiff") filed a Response in Opposition to Defendant's Motion to Dismiss (Doc. 15) and a Motion to Seal Medical and Social Security Records and Related Portions of the Complaint ("Motion to Seal Records") (Doc. 13). Defendant thereafter filed a Reply in Support of its Motion to Dismiss (Doc. 22) and a Response to Plaintiff's Motion to Seal Records (Doc. 16). Following Defendant's Reply to its Motion to Dismiss, Plaintiff filed a Motion for Leave to File Surreply (Doc. 17), and Defendant filed a Response (Doc. 26) in opposition.

## I. Background

Plaintiff was employed by Defendant in the Superior Court of Arizona in Maricopa County ("SCAMC") for approximately twenty years. (Doc. 1-2 at 21). During this time, Plaintiff maintains that she "consistently demonstrated dedication, professionalism, and loyalty" in her course of employment. (*Id.*)

Plaintiff has several disabilities, including "severe depression, anxiety, mood disorder, psychosis, and ADHD." (Doc. 1-2 at 26). Plaintiff was approved for and took Family Medical Leave Act ("FMLA") leave in 2023. (*Id.* at 17). Thereafter, Plaintiff alleges she "experienced escalating mistreatment" from Defendant and "was harassed, retaliated against, bullied, and experienced segregation, inequity, and nepotism." (cleaned up) (*Id.* at 17, 21). Plaintiff further alleges that she received a series of disciplinary write-ups, misconduct letters, and "was not given opportunities that other colleagues received." (Doc. 1-2 at 17, 21–22). She alleges the disciplinary actions she received contain "false accusations" and "fabricated, exaggerated, or incorrect information." (*Id.*) She claims that Defendant's actions were intended to penalize her for using FMLA leave and target her because of her disabilities. (*Id.* at 17, 22). Plaintiff further alleges "a pattern of conduct that created a hostile and intimidating work environment" to include: "harassment and bullying," "excessive micromanagement," and "unequal treatment" by Defendant. (Doc. 1-2 at 21–22). Ultimately, Defendant employer terminated Plaintiff on February 29, 2024 while she was on FMLA leave. (Doc. 1-2 at 17, 21).

After her termination, Plaintiff appealed to the SCAMC's Classified Personnel Rules Appeal's Panel. (Doc. 1-2 at 21). The panel upheld her termination. (Doc. 15 at 78–81). Plaintiff then filed a claim with the Labor Board and U.S. Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter from the EEOC. (*Id.* at 83).

On February 13, 2026, more than a year after her termination, Plaintiff filed a Complaint in the SCAMC against Defendant "Judicial Branch of Arizona" (Doc. 1-2 at 1–15). Ten days later, Plaintiff filed a First Amended Complaint ("FAC") to correct the listed Defendant to "State of Arizona." (*Id.* at 16, 20). Seeking injunctive and declaratory relief, and punitive and compensatory damages, Plaintiff brought claims under the Age Discrimination Act ("ADEA"), 29 U.S.C. Chapter 14; FMLA, 29 U.S.C. § 2601–2654; and Arizona Civil Rights Act of 1964 ("ACRA"), A.R.S. 41-1463. (Doc. 1-2 at 18). Thereafter, Defendant removed the case to the District Court under federal question

jurisdiction. (Doc. 1 at 1–3).

Defendant now moves to dismiss the FAC in its entirety, arguing the ADEA and FMLA claims are barred by sovereign immunity and the ADCR claim is barred by State statute. (Doc. 12 at 1–6). Plaintiff also filed a Motion to File Surreply (Doc. 17) and Motion to Seal Records (Doc. 13). Defendant opposes both of these Motions. (Doc. 26 at 1–2; Doc. 22 at 1–2).

## II. Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must make "a short and plain statement of the claim showing that the pleader is entitled to relief" as to put the Defendant on notice. Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957). This standard requires complaints to go beyond mere "formulaic recitation of the elements" or "naked assertion[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)). Complaints must provide sufficient allegations of material fact to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547. Facial plausibility is met "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Accordingly, dismissal of a complaint for failure to state a claim may be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

In reviewing a motion to dismiss, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Legal conclusions couched as factual allegations are not sufficient to overcome a 12(b)(6) motion. *Iqbal*, 556 U.S. at 679. Courts "may consider only the complaint, exhibits properly submitted as part thereof, and matters that may be judicially noticed". *Lee v. City*

*of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). *Pro se* complaints are "to be liberally construed" and "held to less stringent standards" than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *C.f.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

**III. Discussion**

Defendant argues that Plaintiff's federal law claims under the ADEA and FMLA are barred by sovereign immunity and Plaintiff's state law claim under the ACRA is statutorily barred. (Doc. 12 at 3–5). As to the other motions, Defendant argues that Plaintiff has not asserted a compelling reason to seal records (Doc. 22 at 1–2) and Plaintiff has failed to show good cause for the court to grant it permission to file surreply. (Doc. 26 at 1–2). The Court will first address the arguments and Plaintiff's responses as to the ADEA and FMLA claims before turning to the ACRA claim and the two other pending motions.

**A. ADEA and FMLA Claims**

Defendant argues that Plaintiff failed to state a claim under the ADEA and FMLA (First and Third Claims for Relief) because Defendant's state sovereign immunity ("immunity"), stemming from the Eleventh Amendment, bars Plaintiff's claims. (Doc. 12 at 3–5). Defendant contends that neither of the two paths around immunity, Congressional abrogation or waiver, are met in this case. (*Id.*) Plaintiff, however, argues that Defendant waived its immunity by voluntarily accepting federal funds conditioned on compliance with the ADEA and FMLA. (Doc. 15 at 9, 14–16). Plaintiff also contends that Defendant is not immune under the *Ex parte Young* doctrine. (*Id.* at 12–13).

**1. Congressional Abrogation of Immunity**

The Eleventh Amendment generally "grants a State immunity from suit in federal court by citizens of other States… and by its own citizens as well." *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 616 (2002). The Supreme Court has explained that a state's immunity, under this Amendment, is abrogated where "Congress

unequivocally expressed its intent to abrogate" and "acted pursuant to a valid grant of constitutional authority[.]" *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000). Under this standard, courts have determined that Congress did not validly abrogate state sovereign immunity under the ADEA and the FMLA's self-care provision. *Kimel*, 528 U.S. at 91 ("We hold only that, in the ADEA, Congress did not validly abrogate the State's sovereign immunity to suits by privates individuals"); *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 194 (4th Cir. 2010) ("[W]e hold that Congress did not validly abrogate the states' immunity, we conclude that the district court properly dismissed [the plaintiff's] FMLA claim as barred by the Eleventh Amendment"), *aff'd sub nom. Coleman v. Ct. of Appeals of Maryland*, 556 U.S. 30 (2012).

Here, Defendant argues Congress did not validly abrogate its immunity as to the ADEA nor the FMLA's self-care provision. (Doc. 12 at 3–5). Plaintiff does not respond to this argument. (Doc. 15). Accordingly, Plaintiff concedes this argument. *See Ducey v. Yellen*, 615 F. Supp. 3d 1033, 1043 (D. Ariz. 2022) (construing plaintiff's failure to respond to defendant's arguments in its motion to dismiss as concession of those arguments); *see also PageMasters, Inc. v. Autodesk, Inc.*, No. CV-08-00553-PHX-RCB, 2009 WL 825810, at *10 (D. Ariz. Mar. 30, 2009) ("The court construes [plaintiffs'] silence as conceding the validity of [defendant's] argument on the merits."). Notwithstanding Plaintiffs' concession, the Court also finds the precedent clear that Congress has not validly abrogated Defendant's immunity as to either of Plaintiff's federal statutory claims.

**2. Waiver of Immunity**

Due to this lack of abrogation, Defendant argues "Arizona has not waived its immunity to suits brought under the ADEA." (Doc. 12 at 3). However, Defendant does not address waiver of immunity as to the FMLA. (*Id.* at 5). Plaintiff, on the other hand, argues Defendant waived immunity to suits brought under the ADEA and FMLA by accepting federal funds conditioned on compliance with federal law. (Doc. 15 at 9, 14–16). Yet, neither party addresses the issue of whether Defendant waived immunity via removal to federal court.

"[A] State's sovereign immunity is "a personal privilege which it may waive at pleasure." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (quoting *Clark v. Barnard*, 108 U.S. 436, 477 (1883)). A state waived its immunity only where stated "'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). Under this standard, when a state voluntarily removes an action to federal court, the "removal itself affirmatively invokes federal judicial authority and therefore waives Eleventh Amendment immunity from subsequent exercise of that judicial authority." *Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004), *as amended* (May 17, 2004); *see also Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 623 (2002).

Defendant voluntarily removed this action from SCAMC to this Court on May 21, 2026. (Doc. 1 at 1–3). In doing so, Defendant freely and affirmatively invoked the Court's judicial authority and waived its immunity. Defendant now overlooks its invocation of this Court's judicial authority by arguing absence of waiver.

These are not novel circumstances. *Embury* posed the same question: whether removal of a case from state court to federal court constitutes waiver of Eleventh Amendment state immunity. *Embury*, 361 F.3d at 562. There, the Court of Appeals affirmed the District Court's denial of defendant state's motion to dismiss, holding that "removing the case from state to federal court was affirmative litigation conduct by which the state waived its Eleventh Amendment immunity." *Id.* at 562–64. The Appellate Court determined it would be "inconsistent for the state to invoke federal jurisdiction by removal, thereby contending that the judicial power of the United States extended to the case, yet claim that jurisdiction did not extend to the case because of the Eleventh Amendment." *Id.* at 564. *Embury*, however, left open the question of "whether a removing State defendant remains immunized from federal claims that Congress failed to apply to the States though unequivocal and valid abrogation of their Eleventh Amendment immunity." *Id.* at 566

n.20. The Ninth Circuit Court answered this question in *Walden*, extending *Embury*'s "'removal means waiver' rule" to all federal law claims, including those circumstances left open in *Embury*. *Walden v. Nevada*, 945 F.3d 1088, 1094 (9th Cir. 2019).

Given this binding authority, the Court finds Defendant's removal of this action to this Court is a waiver of its immunity under the Eleventh Amendment. *See Hanson v. Oregon*, 557 F. Supp. 3d 1123, 1128–29 (D. Or. 2021) (finding that, due to the *Walden* decision, the defendants' removal of the action from state court waived Eleventh Amendment immunity on all of the plaintiff's federal law claims). The Ninth Circuit rendered its opinion in *Walden* well before Defendant opted to remove this case. So, Defendant should have been aware of the import of its removal decision. Because Defendant did not raise any other argument for the dismissal of Plaintiff's ADEA and FMLA claims, its Motion will be denied as to the ADEA and FMLA claims.

**B. ACRA Claim – Notice of Claim**

Defendant argues that Plaintiff's ACRA claim fails because Plaintiff failed to serve a timely notice of claim as mandated by A.R.S. § 12-821.01. (Doc. 12 at 4–5). Plaintiff does not respond to this argument. (*See generally* Doc. 15).

A.R.S. § 12-821.01(A) requires Plaintiffs with a claim against a public entity, school, or employee to provide notice of claim within 180 days after the cause of action accrues. Failure to do so bars the claim. *Id.* "[A] cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause…" *Id.* at § 12-821.01(B). "[S]trict compliance with A.R.S. § 12-821.01(A) is required and substantial compliance is insufficient." *Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 630 (Ct. App. 2010). This stringent standard extends even to *pro se* plaintiffs. *Id.* at 61 (dismissing *pro se* Plaintiff's complaint for failure to comply with A.R.S. § 12-821.01(A)).

Here, Plaintiff was terminated on February 29, 2024. (Doc. 1-2 at 17). Her claim accrued 180 days later on August 27, 2024. However, Plaintiff did not provide Defendant with notice of claim until 2026, well beyond the 180 days required. (Doc. 1-2 at 15).

Plaintiff's *pro se* status does not relieve her of A.R.S. § 12-821.01(A)'s timely notice requirement. Accordingly, the Court finds that Plaintiff's ACRA claim is statutorily barred, and the Court grants Defendant's motion to dismiss in part as to the ACRA claim.

**C. Motion for Leave to File Surreply**

Plaintiff filed a Motion for Leave to File Surreply, claiming that Defendant raised new arguments in its Reply in Support of its Motion to Dismiss. (Doc. 17. at 1–2). Plaintiff cites no law in support of its desire to file surreply. (*Id.*) Defendant argues that Plaintiff does not have the right to file a surreply. (Doc. 26 at 1). Further, Defendant notes that Plaintiff has failed to show good cause for the Court to permit surreply because Defendant did not raise new arguments but rather pointed out deficiencies in Plaintiff's arguments. (*Id.* at 1–2).

"Parties do not have the right to file surreplies." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016). Courts "generally view motions for leave to file a surreply with disfavor." *Id*. (citation modified). Courts may exercise their discretion to permit surreply where "good cause" is articulated as to why leave should be granted. *Id.*

Here, Defendant does not raise any new arguments in its Reply to Plaintiff's response in opposition. While Plaintiff points out Defendant alleges Plaintiff may be in violation of the Court's artificial intelligence policy, this is not a new argument on the merits of the case. The same is true of other points argued by Defendant in its Reply. Thus, Plaintiff failed to articulate good cause as to why leave should be granted. The Court denies Plaintiff's Motion for Leave to File Surreply.

**D. Motion to Seal Records**

Next, Plaintiff filed a Motion to Seal Medical and Social Security Records and Related Portions of the Complaint (Doc. 13). Plaintiff contends disclosure of her medical and Social Security Administration ("SSA") records would make her vulnerable to identity theft and invade her privacy. (*Id.* at 2). She argues these are "compelling reasons" sufficient to overcome the presumption of public access to judicial records. (*Id.*) Defendant argues Plaintiff has not asserted a compelling reason to seal records being that

Plaintiff's medical and SSA records have not been requested by Defendant, and are thus not in the public record, because Defendant seeks to dismiss the action "on purely legal grounds." (Doc. 22 at 1–2).

"Following the Supreme Court's lead, 'we start with a strong presumption in favor of access to court records.'" *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003). This presumption is necessary "to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (citing *United States v. Amodeo* (Amodeo II), 71 F.3d 1044, 1048 (2d Cir.1995). To overcome the presumption of public access, the moving party must articulate "compelling reasons" supported by factual findings that outweigh public access. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A compelling reason must be based in fact, not hypothesis or conjecture. *Id.*

The Court agrees with Defendant that there is no reason for Plaintiff to have filed any of the lodged documents with the Court at this time. They were not filed in support of Plaintiff's Response to Defendant's Motion to Dismiss, nor any other discernible reason. To the extent that Plaintiff wishes to seal portions of her FAC, she failed to identify any particular portions she was seeking to seal. Moreover, Plaintiff filed her initial complaint and the FAC on a public docket without any redactions, which weighs against the need to seal any information therein. On a final note, the Court points out that Plaintiff requests permission to seal documents filed in the future, but such a request does not comport with the Local Rules of Civil Procedure.[1] In short, Plaintiff's Motion to Seal is denied.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 12) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's ACRA claim is dismissed with prejudice. Defendant's Motion is otherwise denied. The Rule 16 Scheduling Conference will be reset by separate order.

---

[1] Plaintiff should familiarize herself with the requirements of LRCiv 5.6.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Surreply (Doc. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Medical and Social Security Records and Related Portions of the Complaint (Doc. 13) is **DENIED**.

Dated this 2nd day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge